**April SHORES, Plaintiff,**

v.

**Robin SHORES, Defendant.**

Civ. No. 3-87-228.

United States District Court,
E.D. Tennessee, N.D.

May 20, 1987.

---

J. Thomas Baugh, Dandridge, Tenn., for plaintiff.

William H. Goddard, Dandridge, Tenn., Dennis B. Francis, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

JARVIS, District Judge.

This action was filed pursuant to the Parental Kidnapping Prevention Act ["PKPA"], 28 U.S.C. § 1738A (Supp.1987). This matter was originally set for a show cause hearing on April 24, 1987. However, defendant responded by filing a motion to dismiss, contesting the jurisdiction of this Court under the PKPA on the date of the show cause hearing, and this matter was reset for oral argument on May 6, 1987, regarding the merits of defendant's motion and this action in general.

### Background Facts

This case involves the custody dispute of a 20-month old girl, Kelly Nicole Shores ["Kelly"]. It is undisputed that until late 1986, Kelly lived in Texas with her parents, Robin and April Shores. On November 5, 1986, Robin took Kelly and left Texas, apparently establishing a new residence in Tennessee. On November 11, 1986, April filed a divorce and custody action in Texas and was given temporary custody of Kelly by order dated January 15, 1987. [Doc. 1, Attachment]. Subsequently, Robin filed an action in the Juvenile Court in Jefferson County, Tennessee on November 18, 1986, and was also given temporary custody of Kelly on that same day. [*See* Trial Exhibit 3].

In response, April filed a motion to dismiss the temporary custody proceeding in Jefferson County, Tennessee, on December 30, 1986. [*Id.*]. A hearing was held before The Honorable Max M. Moore, Judge of the Juvenile Court, on January 20, 1987, at which time Judge Moore took the matter under advisement. Plaintiff maintains that Judge Moore has yet to render an opinion or decision concerning the pending motion to dismiss. However, the affidavit of Judge Moore which was introduced at the oral argument clearly indicates that Judge Moore finds that the Tennessee court has jurisdiction. [*See* Trial Exhibit 2]. His affidavit further indicates that a hearing is set on June 2, 1987, at 9:00 a.m., so that both parents will be given an opportunity to present evidence on the issues before the court. [*See id.*].

Thus, this Court is confronted by a situation in which both the state courts of Tennessee and Texas are asserting jurisdiction over this divorce action and, more importantly, over this child custody dispute, a court in each state now having issued a temporary and conflicting order regarding which parent is entitled to the custody of Kelly.

### Law and Analysis

■ This Court believes in viewing the "most restricted role for federal courts" under the PKPA. *See Flood v. Braaten*, 727 F.2d 303, 306 (3rd Cir.1984). Nevertheless, even viewing the PKPA in the most restricted jurisdictional light, this Court is of the opinion that the fact situation of the instant case is precisely the type of situation Congress had in mind in enacting the PKPA. The PKPA permits only one state at a time to assert jurisdiction and, if two states are presently doing so, then a plaintiff may request a federal court to step in and decide which of the two has correctly asserted jurisdiction. *See id.* at 310; *see also Wyman v. Larner*, 624 F.Supp. 240,

243–44 (S.D.Ind.1985). In short, once two states concurrently render conflicting custody decrees, one state has asserted jurisdiction in violation of the PKPA. *See Flood, supra,* at 310; *see also Hooks v. Hooks,* 771 F.2d 935, 951 (6th Cir.1985); *Heartfield v. Heartfield,* 749 F.2d 1138, 1141 (5th Cir.1985); *Wyman, supra,* 624 F.Supp. at 243. Federal courts can review the requisite jurisdictional facts in a very preliminary manner "without becoming enmeshed in the underlying custody dispute." *Flood, supra,* at 310.

■ Defendant also maintains that because plaintiff has failed to exhaust her state court remedies in Tennessee, then there is no jurisdiction under the PKPA. Other federal courts have declined to address this issue, relying instead on inconsistent decrees from different states as constituting a sufficient basis for federal jurisdiction. *DiRuggiero v. Rodgers,* 743 F.2d 1009, 1015 (3rd Cir.1984); *Wyman, supra,* 624 F.Supp. at 243. This Court likewise declines to do so and holds there is jurisdiction in the instant case under the PKPA for the reasons set forth earlier.

■ In the instant case, a preliminary review of the jurisdictional facts indicates as follows. The state court in Texas complied with the following provision of the PKPA which states in pertinent part:

A child custody determination made by a court of a State is consistent with the provisions of this section only if—(1) such court has jurisdiction under the law of such State; and (2) one of the following conditions is met:

(A) Such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;

28 U.S.C. § 1738A(c) (Supp.1987). The Court finds that the Texas order granting temporary custody [*See* Doc. 1, Attachment] dated January 15, 1987, was consistent with the PKPA because: (1) Texas had been Kelly's "home State" within six months prior to commencement of the Texas proceeding; (2) Kelly was absent but her absence was due to her removal by Robin, a "contestant"; and (3) April, a "contestant", continues to live in Texas.

On the other hand, the Court also finds that the child custody determination made by the Jefferson County, Tennessee court is consistent with the PKPA under the following provision:

A child custody determination made by a court of a State is consistent with the provisions of this section only if—(1) such court has jurisdiction under the law of such state; and (2) one of the following conditions is met:

\* \* \* \* \* \*

(C) the child is physically present in such State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;

28 U.S.C. § 1738A(c) (Supp.1987). The Court finds in particular that the Tennessee order granting temporary custody [*see* Trial Exhibit 3] dated November 18, 1986, was consistent with the PKPA because: (1) Kelly was physically present in Tennessee; and (2) Judge Moore found that Kelly "needed protection due to neglect and abuse by the mother." [*See* Trial Exhibit 2].

■ Even though both state courts have issued temporary orders, each of which is consistent with the PKPA, only one state can exercise jurisdiction consistent with the PKPA. In that regard, the PKPA provides as follows:

A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

28 U.S.C. § 1738A(g) (Supp.1987). In the case *sub judice,* the Court finds that the

Texas court presently has permanent jurisdiction over this child custody matter since an action which was consistent with the PKPA was commenced in that state before it was commenced in Tennessee. Thus, the PKPA specifically prohibits Tennessee from exercising permanent jurisdiction under the facts of this case. However, the Court would further point out that there is nothing in the PKPA to prevent any court from assuming temporary jurisdiction when there are allegations of neglect, abuse, mistreatment, etc., to a child. In other words, the PKPA does not preclude a court from assuming temporary jurisdiction in order to take protective measures on behalf of a child and to make temporary orders, including temporary custody for a limited period of time, until proper steps are taken in the original forum state to adequately protect the child. However, such an exercise of temporary jurisdiction does not encompass jurisdiction to make a permanent custody determination after another state has begun to exercise jurisdiction which is consistent with the PKPA.

Therefore, in the instant case, while the Court is of the opinion that Judge Moore was entirely correct in issuing a temporary order for the protection of Kelly based on his finding of neglect and abuse by April, the Court further finds that this temporary order does not confer permanent jurisdiction on the Tennessee court whereby the Tennessee court will be able to render a decision concerning permanent custody of Kelly. That issue will have to be decided by the Texas court as long as Texas retains jurisdiction of this case.

The Court also believes that this interpretation of the PKPA comports with the congressional intent of this law, which is to prevent parental kidnapping in custody disputes and to discourage noncustodial parents from removing their children to another forum in hopes of obtaining a favorable custody decree. *See Hooks, supra*, 771 F.2d at 941-2, n. 6. Certainly, the facts of the instant case are quite similar to those in the usual case in which one parent "kidnaps" his child and removes him to another state. The instant case, of course, may be distinguished from many of the usual cases because there was no order granting temporary custody to April at the time Robin took Kelly from Texas. Nevertheless, if this Court were to rule that the Tennessee court has jurisdiction of this matter, this ruling would reward the parent who removed the child from her "home state." Such a ruling would frustrate the purpose of the PKPA.

Accordingly, it is hereby ORDERED that defendant's motion [Doc. 6] be, and the same hereby is, DENIED whereby this Court will exercise jurisdiction of this matter and will ORDER the parties to litigate the custody dispute in the District Court for Tarrant County, Texas, unless and until this Court orders otherwise. The Court further DECLARES that all orders rendered by any Tennessee court in this custody dispute are only effective up to the time that the Texas court can make an additional child custody determination, after giving reasonable notice and an opportunity to be heard to the parties. *See* 28 U.S.C. § 1738A(e) (Supp.1987).

Order accordingly.